**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4395**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRELL ANTHONY HARGROVE, a/k/a Rell,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:06-cr-00026-JAG-1)

Submitted: December 20, 2018                    Decided: December 26, 2018

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, Acting United States Attorney, Alexandria, Virginia, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Anthony Hargrove appeals the 57-month sentence imposed upon the revocation of his supervised release. Hargrove argues that his sentence is plainly unreasonable because the district court relied on improper factors in choosing the sentence and failed to adequately explain its decision to run the sentence consecutively to the sentence imposed in a related case. We affirm.

District courts have "broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). In light of this discretion, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alteration and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* at 207 (footnote omitted). "[A] revocation sentence is substantively

2

reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alterations and internal quotation marks omitted). We presume that a sentence within the applicable Guidelines policy statement range is substantively reasonable, and "less explanation is required for such a sentence than for a sentence that departs from the Guidelines." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

Hargrove first argues that the district court erred by considering impermissible factors in imposing its sentence. We disagree. Pursuant to 18 U.S.C. § 3583(e) (2012), district courts should consider the factors enumerated in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" when modifying or revoking a term of supervised release. "Absent from these enumerated factors is § 3553(a)(2)(A), which requires district courts to consider the need for the imposed sentence 'to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Webb*, 738 F.3d at 641 (quoting 18 U.S.C. § 3553(a)(2)(A)). Accordingly, "a district court may not impose a revocation sentence based predominately on [the § 3553(a)(2)(A) factors]"; however, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Here, in a consolidated hearing, the district court sentenced Hargrove on a new drug conviction and the supervised release violation. The court sentenced Hargrove on the drug conviction first, discussing the relevant § 3553(a) factors, including those listed

3

under § 3553(a)(2)(A). After imposing Hargrove's sentence on that conviction, the court turned to the supervised release violation, stating: "I am not allowed to consider all of the factors in this, but I can consider some of them. I am going to go over those now. And I will incorporate by reference what I just said with respect to the other offense." (J.A. 126).* The court then reviewed only those factors permitted by § 3583(e), noting where appropriate when it had already discussed a factor. Read in context, the court was clearly only incorporating its remarks as they related to permissible factors. In any event, "mere reference" to impermissible factors does not render a sentence unreasonable. *Webb*, 738 F.3d at 642. We therefore discern no error in the district court's discussion of the sentencing factors for the two offenses.

Hargrove also argues that the district court failed to adequately explain its decision to run the revocation sentence consecutively to the drug sentence, particularly in light of Hargrove's request for concurrent sentences. Again, we discern no error. We note that the Sentencing Commission recommends consecutive sentencing for revocation sentences, U.S. Sentencing Guidelines Manual § 7B1.3(f) (2016), p.s., and that Hargrove's sentence was within the applicable Guidelines policy statement range and thus required less explanation than a departure sentence would have needed, *Gibbs*, 738 F.3d at 204. The district court adequately addressed Hargrove's arguments for a lesser, concurrent sentence, recognizing the character letters written on Hargrove's behalf,

---

\* Citation to the "J.A." refers to the Joint Appendix filed by the parties in this appeal.

4

Hargrove's employment, Hargrove's support of his family, the difficult circumstances of Hargrove's youth, and the fact that Hargrove reportedly only distributed heroin as a favor to an old mentor. Despite those factors, the court concluded that consecutive sentences were necessary, due primarily to Hargrove's breach of the court's trust and the fact that his new offense was essentially identical to the offense for which he had just gotten out of prison. We conclude therefore that Hargrove's sentence was not unreasonable, much less plainly unreasonable.

We affirm Hargrove's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*